Dear Mr. Jones, Ms. Derouin and Mr. Cavalier:
You have requested the opinion of this office concerning the following issue:
 "How does LSA-R.S. 17:1941-1958 and Bulletin 1706, Section 459, promulgated by the Louisiana Department of Education, affect local school systems in disciplining special education students?"
In your opinion request you have cited as authority LSA-R.S. 17:416 which deals with the discipline of pupils. This statute is a general statute for teachers and employees when disciplining any student. LSA-R.S. 17:1941 et seq. and Bulletin 1706, Section 459, apply specifically to exceptional children and are the controlling authority in this instance.
LSA-R.S. 17:1941 et seq. is titled "Educational Opportunities for Exceptional Children". LSA-R.S. 17:1944
provides that this legislation shall be administered at the state level by the Department of Education, with the approval of its governing authority, and at the local level by parish or city school boards.
Provision (C) of this statute states the following:
 "To make the most effective use of human and fiscal resources available for special education and related services, the Department of Education, with the approval of its governing authority, shall issue regulations with respect to this Chapter. These regulations shall be written in cooperation with representatives from other state and private agencies involved in special education services, parish and city school boards, teachers of children receiving special education services, regular classroom teachers, universities and colleges, nonpublic schools providing special education and related services, and representatives of recipients of special education and related services and their families."
The Department of Education, therefore, is authorized to issue regulations not inconsistent with state or federal laws for the implementation of special education. These regulations may adopt the applicable federal laws or, if they deviate from these laws, they may not provide less rights than provided in the federal laws. Specifically, the regulations issued by the Department of Education cannot deny an exceptional child any rights that are provided by statute.
The Regulations for implementation of the Exceptional Children's Act appear to provide at least as much protection to an exceptional child as that mandated by federal law. Therefore, there is no conflict between the state statutory provisions or the regulations adopted by the Louisiana Department of Education and the applicable federal law.
Since it has been determined that the behavior of the disordered student in the present case is related to the student's handicap, then the student cannot be suspended or expelled. See Bulletin 1706, Section 459E. The only action that can be taken in regard to this child is that the student's IEP Committee can convene to consider modification to the student's program/placement, as provided for in the Regulations for Implementation of the Exceptional Children's Act, Bulletin 1706, Section 459 E.(2).
It is therefore the opinion of this office that there is no conflict between LSA-R.S. 17:416 and Section 459 of the Regulations for Implementation of the Exceptional Children's Act, LSA-R.S. 17:1941 et seq. Further, the Department of Education's Regulations are consistent with those rights afforded under federal law. I hope that this sufficiently answers your questions. If you require any further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pb 0059p